JOURNAL ENTRY AND OPINION
In this consolidated appeal defendant-appellant Billy Flynn ("appellant") challenges the sentences imposed upon him claiming that the trial court failed to comply with the mandates of Senate Bill 2.
The facts relevant to this appeal are as follows. On November 25, 1997, pursuant to a plea agreement, appellant entered pleas of guilty in CR-355725 to receiving stolen property in violation of R.C. 2913.02, a felony of the fourth degree; and attempted burglary in violation of RC 2923.02 and 2911.12, a felony of the third degree. The pleas were accepted by the court and the matter was referred for preparation of a pre-sentence investigation report. On December 12, 1997, at sentencing, the court imposed a term six months incarceration, the minimum term, on count one; and imposed five years incarceration, the maximum term, on count two. The court suspended the five year term of incarceration on count two and imposed two years of "active supervision."
On March 4, 1998, in CR-358964, appellant entered pleas of guilty to count one, grand theft motor vehicle in violation of R.C. 2913.02; to count two, attempted grand theft motor vehicle in violation of R.C. 2913.02 and R.C. 2923.02; and to count three attempted receiving stolen property in violation of R.C. 2923.02
and R.C. 2913.51. At sentencing on April 1, 1998 the court imposed a term of fifteen months incarceration on count one, and eight months each on counts two and three, all terms to be run consecutively to each other and consecutively to the sentence imposed in CR-355725. Each term of incarceration imposed in CR 358964 was for greater than the statutory minimum term. The consecutive sentences imposed aggregate to more than the maximum sentence allowed for the most serious count, count one.
Appellant challenges the sentence imposed on count one in CR 355725 and the sentences imposed on each count in CR 358964 in this delayed appeal.
 I. THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH THE REQUIREMENT OF R.C. 2929.19 (B) (2) (a) THAT IT MAKE A FINDING AND GIVE REASONS FOR IMPOSING A PRISON SENTENCE FOR FELONIES OF THE FOURTH AND FIFTH DEGREES.
 II. THE SENTENCE IMPOSED BY THE TRIAL COURT IN CR-358964 WAS CONTRARY TO LAW.
In his first assigned error appellant complains that the trial court failed to make a determination of whether any of the factors enumerated in R.C. 2929.13 (B) applied before the trial judge sentenced him to prison on count one of his first case, receiving stolen property, a fourth degree felony. Under Senate Bill 2 appellant is required to be sentenced according to the provisions of R.C. 2929.19 (B) (2) which provides in relevant part:
 (2) the court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (A) * * * [I]f it imposes a prison term for a felony of the fourth or fifth degree * * *, its reasons for imposing the prison term based upon the overrriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code and any factors listed in divisions (B) (1) (a) to (h) of section 2929.13 of the Revised Code that it found to apply relative to the offender.
R.C. 2929.13 provides in (B) as follows:
 (B) (1) Except as provided in division (B) (2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321
[2907.32.1], 2907.322 [2907.32.2], 2907.323
[2907.32.3], or 2907.34 of the Revised Code.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
 (2) (a) If the court makes a finding described in division (B) (1) (a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
The record fails to demonstrate that the court made a finding that gave its reasons for selecting the sentence imposed upon appellant. Accordingly, the trial court erred in sentencing appellant to a term of imprisonment without the requisite findings. Appellant's first assignment of error is well taken, the sentence imposed on count one of CR-355725 is vacated and the matter remanded for re-sentencing.
In his second assigned error appellant complains that the sentences imposed upon him in each count of CR-358964 were in error because the trial court failed to make the requisite findings under R.C. 2929.13 (B) (1) (a) through (h) or to follow R.C. 2929.13 (B) (2) (b) to consider the seriousness and recidivism factors under R.C. 2929.12 by failing to determine whether imprisonment was or was not consistent with R.C. 2929.11
and that the court omitted to make a finding whether appellant was or was not amenable to available community control sanctions. Moreover, appellant complains that the court erred when it sentenced him to greater than the minimum term but failed to make a finding that either (a) the minimum would demean the seriousness of his conduct, or (b) that the minimum would not adequately protect the public from the offender as required by R.C. 2929.14 (B). Finally, appellant complains that the court failed to make findings or give reasons for the imposition of consecutive terms as required by R.C. 2929.14 (E) or R.C. 2929.19
(B) (2) (c).
The record demonstrates that the court after review of appellant's file, which included his pre-sentence report and victim impact statement, stated:
 Let the record reflect the use of offenses of F1 through 5, the probability of recidivism is likely, that it indicates no remorse, pattern of drug and alcohol, failure to respond favorably to the past sanctions, prior adjudication for delinquency.
Thus, the court found recidivism likely and enumerated the factors it considered pursuant to R.C. 2929.12 (D) to support its conclusion. Accordingly, the record is sufficient to support the trial court's conclusion that appellant be sentenced to a term of imprisonment and we find no abuse of the trial court's discretion.
However, appellant further complains that the trial court failed to comply with the requirements of the statute when it imposed terms of incarceration greater than the minimum statutory terms and imposed his sentences to run consecutively.
R.C. 2929.14 provides in pertinent part:
 (B) Except as provided in division (C), (D) (2), (D) (3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
R.C. 2929.14 (E) provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19 (B) (2) provides that:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences.
Our review of the record reveals that although appellant committed the offenses while awaiting sentencing as described in R.C. 2920.14 (E) (4) (a), the court failed to make a finding that the shortest term would demean the seriousness of appellant's conduct nor that a lengthier sentence is warranted to protect the public. Recently, our Supreme Court, in State v. Edmonson (1999),86 Ohio St.3d 324, affirmed the decision of the court of appeals which vacated the trial court's sentence and remanded the matter because there was no confirmation that the trial court first considered the minimum sentence but decided to depart from the statutorily mandated minimum based upon one or both of the permitted reasons without specifying either one of the reasons listed in R.C. 2929.14. Thus, we find that the trial court erred in imposing greater than the minimum sentence upon appellant where it failed to state its reasons. Moreover, the record is silent as to why the sentences imposed are run consecutively with each other and with the sentence imposed in CR-355969 as required by R.C. 2929.19 (B) (2) (c). Accordingly, we find appellant's second assignment of error well taken as to the imposition of more than the minimum terms of incarceration and as to the imposition of the sentences which run consecutively. Appellant's sentences as imposed in CR-358964 are vacated and the matter remanded for re-sentencing.
Appellant's sentences as imposed in count one in CR-355969 and in counts one, two and three in CR-358964 are vacated and this matter is remanded to the trial court for re-sentencing.
Vacated in part and remanded.
This cause is for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellee and appellant equally share the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, P.J. and BLACKMON. J., CONCUR.